IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

STEVE SCHMIDT and
DARREN ULATOWSKI,

        Defendants.

ORDER

11-cr-132-wmc

---

Pursuant to a hearing on May 24, 2012, regarding the United States' motion to quash defendant's Rule 17(c) subpoena in this criminal case, the court issued an order requiring production for *in camera* review of certain business records and tax returns from the alleged victim, It's Your Party. (Dkt. #84.) Having now reviewed these records, the court is in need of further guidance from the parties. The court also received today a letter from defendant's counsel asking for an adjournment of the September 24th trial date in this matter in light of other recently-produced documents requiring review and analysis in advance of trial. Accordingly, this court will hold a further hearing on the pending motion and request for adjournment on July 11, 2012, at 9:30 a.m., unless the parties are able to stipulate to a resolution before that time.

At least from the court's perspective, the basic justification for issuance of the disputed subpoena is that the requested information *might* demonstrate that Ms. Jenkins, the owner of It's Your Party, had knowledge of and consented to Schmidt's alleged fraudulent billing for certain work. With respect to the hidden text in the contracts, conceivably it might show that Ms. Jenkins or others affiliated with It's Your Party were aware that inventory was being

ordered and shared by House of Flowers (Schmidt's business). With respect to the Schedule Cs, listed business expenses might, at least theoretically, similarly confirm awareness of these costs.

Even with this perspective as a starting point, the court has nevertheless found it difficult to assess the arguable relevance of information provided for *in camera* review in the abstract. One possible solution would be to order the production of these documents on attorneys' eyes only basis, but this might not be a viable solution for the defendant, given that Schmidt may be the only one on the defense side able to look at the contracts and determine its possible relevance. This is reinforced by the fact that Schmidt is listed as the "account representative" on most of the contracts provided to the court. Of course, this would also suggest he has already been privy to any arguably confidential information in the contracts, at least as they concern charges attributed to his company.

In light of this, perhaps the government, and more specifically, Ms. Jenkins, would approve disclosure of the contracts and Schedule C of Ms. Jenkins' relevant tax returns to the defendant for review subject to an express order that he may use information contained in them *solely* for purposes of preparing his defense under penalty of civil and potentially criminal contempt charges. This solution seems particularly viable in light of the government's original objection to production being apparently focused on the relevance and hardship on Ms. Jenkins in producing these documents. Now that they have been produced by Ms. Jenkins, perhaps their being passed along to the defendant is not so objectionable.

Alternatively, it may be the parties remain unable to arrive at an acceptable comprise. In this event, the court requires more guidance as to the arguable relevance and burden of

producing documents.

Similarly, the ostensible reasons for defendant's request for a delay in the trial -- even now still months away -- is the voluminous nature of business records the government reserves the right to introduce into evidence in part or in whole. As to the latter, the court can see no purpose in any wholesale introduction of such records and has already encouraged the government to prepare summary documents more easily checked by defendant for accuracy and far more easily digested by a jury. While these summaries do not address defendant's hope of finding a proverbial "needle in the haystack" (or in this case, exculpatory document among boxes of paper), it would appear to go a long way toward addressing basic fairness concerns. Perhaps again, the parties can see a way clear of their current dispute. If not, however, the request to adjourn will also be considered at next week's hearing.

ORDER

IT IS ORDERED that a further hearing on defendant's motion to quash and a hearing on defendant's request for adjournment will take place on July 11, 2012, at 9:30 a.m.

Entered this 5th day of July, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge